PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────

No. 17-1084

───────────

SPIRIDON SPIREAS,

Appellant
v.

COMMISSIONER OF INTERNAL REVENUE

───────────

On Appeal from the United States Tax Court
(T.C. No. 13-10729)
Tax Court Judge: Honorable Albert G. Lauber

───────────

Argued October 10, 2017
Before: HARDIMAN, SHWARTZ, and ROTH, *Circuit Judges*.

**ORDER AMENDING OPINION**

IT IS HEREBY ORDERED that the opinion in the above case, filed March 26, 2018, be amended as follows:

Page 15, footnote 9, line 3, which read:
As the dissent points out, the prudential roots of the civil waiver doctrine differentiate it from its criminal analogues with respect to the second and third questions—failure to raise an argument in a civil case is generally met with relatively softer consequences, and is more readily excused, than in a criminal case. But Joseph addressed (and this appeal implicates) only the threshold question of whether an argument was made in the first place.

shall read:

As the dissent points out, the prudential roots of the civil waiver doctrine differentiate it from its criminal analogues with respect to the second and third questions—failure to raise an argument in a civil case is generally met with relatively softer consequences, and is more readily excused, than in a criminal case. Indeed, we have recognized our discretion to reach an argument that was not made to the district court in a number of circumstances, such as where it presents a purely legal question we think it is in the public interest to resolve. *See, e.g.*, *Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc.*, 855 F.3d 163, 172 n.4 (3d Cir. 2017). But *Joseph* addressed (and this appeal implicates) only the threshold question of whether an argument was made in the first place.

Page 15, footnote 9, line 16, which read:

And because Spireas does not ask for any waiver to be excused, there is no reason for our analysis to proceed onward to consider whether it might be prudent to do so. We decline to sua sponte "waive the waiver" to reach an argument that Spireas specifically disclaimed in the Tax Court. Cf. *Washington*, 869 F.3d at 208.

shall read:

Under that rule, Spireas failed to raise his prospective transfer argument in the Tax Court, and we decline to exercise our discretion to reach it on appeal.

BY THE COURT,

s/ *Thomas M. Hardiman*
Circuit Judge

Dated: June 1, 2018